IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TERRI RIDDICK<br>228 West Clapier Street<br>Philadelphia, PA 19144 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| UHS OF FAIRMOUNT, INC.<br>d/b/a FAIRMOUNT BEHAVIORAL<br>HEALTH  SYSTEM<br>561 Fairthorne Avenue<br>Philadelphia, PA 19128 | : <br> : <br> : <br> : <br> : <br> : |  |
| Defendant. | : <br> : <br> : |  |

**CIVIL ACTION COMPLAINT**

Ms. Terri Riddick ("Plaintiff," or "Ms. Riddick,") by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      Ms. Riddick has initiated this action to redress violations by UHS of Fairmount, Inc. ("Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e et seq.); 42 U.S.C. §1981 ("§1981"); the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 et. seq., the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et seq.); the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951 et seq.); and the Philadelphia Fair Practices Ordinance ("PFPO" - Chapter 9-1100 et seq. of the Philadelphia Code).

2.      Ms. Riddick alleges, *inter alia*, that she made repeated complaints about disparate treatment and harassment based on her race and/or age.

3.      Because nothing was done and the harassment continued unabated, Ms. Riddick was diagnosed with anxiety and hypertension and forced to take intermittent medical leave.

4.      Within days of her most recent complaints of race and age discrimination, and her request for and use of intermittent leave, Defendant terminated her under demonstrably pretextual circumstances.

5.      As a direct consequence of Defendant's unlawful actions, Ms. Riddick seeks damages as set forth herein.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

7.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

8.      Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

2

9.    Ms. Riddick filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed the Charge with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR").

10.    Ms. Riddick has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC/PCHR, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

## PARTIES

11.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.    Ms. Riddick is a fifty-three year old African-American/Black individual, with an address as set forth in the caption.

13.    Defendant is a Delaware business corporation with a principal place of business as set forth in the caption where it employed Plaintiff.

14.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

15.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.    On or about September 11, 2023, Defendant hired Ms. Riddick as an Intake Counselor and employed her in that capacity until unlawfully terminating her on or about February 23, 2025, as discussed herein.

3

17. Throughout her employment, Ms. Riddick was a hard-working employee with little or no history of performance or discipline concerns until Amy Gestoso ("Gestoso") (Asian) became her supervisor as Defendant's new Admissions Director in 2024.

18. Shortly after Gestoso began supervising Ms. Riddick, she began treating her in a disparate manner compared to other non-African American/Black and/or younger employees.

19. By way of example, Gestoso would subject only Ms. Riddick to increased scrutiny, micromanage her, fabricate issues to harass her, and talk to her in a condescending manner, unlike other employees outside of Ms. Riddick's protected classes.

20. At all times, Ms. Riddick opposed this discriminatory treatment.

21. As a result of what she reasonably believed to be race/color and/or age-based discrimination, Ms. Riddick made repeated complaints to Defendant's Human Resources ("HR").

22. Specifically, on or about October 13, 2024, Ms. Riddick emailed Defendant's HR Director Kevin Courtney ("Courtney") and Defendant's HR Manager Rabiyah Kiah El ("Kiah El") to request assistance and to initiate formal complaints against Gestoso.

23. Neither Courtney, nor Kiah El responded, so Ms. Riddick sent another email on October 18, 2024, and then called Kiah El on October 21, 2024, and left a voicemail with no response. It was clear Defendant's HR was avoiding Ms. Riddick and frustrating her attempts to formalize her opposition to Gestoso's discriminatory conduct.

24. Finally, on or about December 12, 2024, Ms. Riddick was able to meet with Kiah El via Zoom to discuss her complaints of discrimination. Ms. Riddick specifically told Kiah El that she felt like Gestoso was treating her differently because of her race/color and/or age.

4

25.     Kiah El suggested Ms. Riddick meet with Gestoso to try to resolve the issues and if the harassment continued, schedule another meeting at which Kiah El would "mediate" the issues.

26.     Just three (3) days later, on or about December 15, 2024, Gestoso issued Ms. Riddick a blatantly false performance review.

27.     Unlike other employees, Ms. Riddick was given no chance to provide input or respond to her performance review.

28.     Ms. Riddick met with Gestoso and re-raised her concerns that Gestoso was treating her differently, and questioned the false performance review. Ms. Riddick also told Gestoso that she felt as though the poor review was retaliatory due to her recent complaints to HR.

29.     Gestoso stated to Ms. Riddick that she "did not know how to change [the performance review]," but would "consider looking into it."

30.     On or about January 3, 2025, just two (2) weeks after making complaints about and to Gestoso, Gestoso issued Ms. Riddick a demonstrably false and pretextual Performance Improvement Plan ("PIP") in a blatant attempt to paper Ms. Riddick's personnel file.

31.     Upon information and belief, Defendant has similarly issued PIPs to other employees following complaints of discrimination and/or harassment.

32.     Ms. Riddick immediately attempted to contact Kiah El for assistance. Kiah El again did not respond, so Ms. Riddick called Kiah El again on or about January 7, 2025, again with no response.

33.     Therefore, on or about January 20, 2025, Ms. Riddick escalated her complaints and filed a corporate compliance complaint which was referred back to Defendant's HR for investigation.

34.     On or about January 31, 2025, Gestoso summoned Ms. Riddick to an unscheduled meeting with Defendant's new HR Director Kimberleigh Nash ("Nash").

35.     During this meeting, Gestoso lambasted Ms. Riddick stating that if she had met with her (Gestoso) instead of going to HR, things would not have "escalated" this far.

36.     Nash did nothing but agree with Gestoso, told Ms. Riddick that "HR [was] not there to advocate for [her]," and repeatedly blocked Ms. Riddick from leaving the room when Ms. Riddick was visibly upset.

37.     Ms. Riddick told Nash that the PIP was unfounded and Gestoso's mistreatment of her was harassment, retaliatory and discriminatory and it was because of her race/color and/or age.

38.     Nash stated that those were "strong accusations" and scheduled a meeting for the following week on or about February 8, 2025.

39.     On or about February 3, 2025, Ms. Riddick saw her physician and was diagnosed with anxiety and hypertension as a result of the discrimination and retaliation she was enduring.

40.     These aforementioned disabilities, at times, substantially limit Ms. Riddick's ability to perform daily life activities, such as managing stress, sleeping, working, and regulating her cardiovascular systems.

41.     Relying on Nash's threat that HR was not there to advocate for her, on or about February 5, 2025, Ms. Riddick also contacted the EEOC to initiate filing of a Charge of Discrimination.

42.     Ms. Riddick's physician also completed FMLA paperwork which she submitted to Defendant. On or about February 6, 2025, Ms. Riddick was approved for intermittent FMLA (also a reasonable accommodation under the ADA).

6

43. On or about February 7, 2025, Gestoso again met with Ms. Riddick regarding the PIP and processes used in the call center.

44. When Gestoso was unable to properly go over the call center process, another coworker (with significantly longer tenure than Gestoso) had to explain the process.

45. Gestoso ended the meeting, and due to Ms. Riddick's overwhelming anxiety, Ms. Riddick utilized FMLA leave for the remainder of the day.

46. On or about February 8, 2025, Ms. Riddick met with Nash in an attempt to file another complaint of discrimination regarding Gestoso's ongoing mistreatment.

47. Ms. Riddick specifically told Nash that she had contacted the EEOC, that Gestoso was still treating her differently because of her race/color and/or age and was continuing to retaliate against her for making complaints to HR.

48. Nash took the complaint and explained that the PIP had been issued as a result of the prior (fales) performance review administered by Gestoso.

49. Nash also admitted to Ms. Riddick that the PIP had not been completed correctly, that it did not make sense, and that Gestoso's accusations (surrounding Ms. Riddick's clock in procedures) were false and inconsistent with Defendant's policies.

50. Nash ended the meeting by stating she would conduct an investigation and get back to Ms. Riddick the following week.

51. However, Nash never got back to Ms. Riddick, and on or about February 23, 2025, Gestoso (with Nash present) terminated Ms. Riddick's employment, relying on the litany of false or pretextual reasons to justify her termination.

52. Upon information and belief, Defendant's management selectively applied policies and terminated Plaintiff while not similarly disciplining or terminating other employees (outside

of Plaintiff's protected classes) for engaging in the same or similar conduct Defendant terminated Plaintiff for.

## COUNT I
## <u>Violations of Title VII</u>
## Retaliation

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff specifically opposed, rejected, and complained of race and/or color discrimination.

55. Following her opposition of, rejections to, and complaints about what she reasonably believed to be discriminatory treatment, Plaintiff was subjected to increased hostility and animosity (including retaliatory discipline).

56. In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment citing unfounded and pretextual discipline.

57. Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination based upon her race and/or color.

58. The aforesaid actions violate Title VII.

## COUNT II
## <u>Violations of the PHRA and PFPO</u>
## Retaliation

59. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60. Plaintiff specifically opposed, rejected, and complained of race and/or color discrimination.

61.    Following her opposition of, rejections to, and complaints about what she reasonably believed to be discriminatory treatment, Plaintiff was subjected to increased hostility and animosity (including retaliatory discipline).

62.    In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment citing unfounded and pretextual discipline.

63.    Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination based upon her race and/or color.

64.    The aforesaid actions violate the PHRA and PFPO.

**COUNT III**
**Violations of the ADEA**
**Retaliation**

65.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

66.    Plaintiff specifically opposed, rejected, and complained of age discrimination.

67.    Following her opposition to  and complaints about what she reasonably believed to be discriminatory treatment, Plaintiff was subjected to increased hostility and animosity (including retaliatory discipline).

68.    In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment citing unfounded and pretextual discipline.

69.    Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination based upon her age.

70.    The aforesaid actions violate the ADEA.

9

## COUNT IV
### Violations of the PHRA and PFPO
### Retaliation

71.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

72.    Plaintiff specifically opposed, rejected, and complained of age discrimination.

73.    Following her opposition to and complaints about what she reasonably believed to be discriminatory treatment, Plaintiff was subjected to increased hostility and animosity (including retaliatory discipline).

74.    In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment citing unfounded and pretextual discipline.

75.    Plaintiff believes and therefore avers that Defendant terminated her employment because she opposed and complained about discrimination based upon her age.

76.    The aforesaid actions violate the PHRA and PFPO.

## COUNT V
### Violations of the ADA
### ([1] Retaliation; and [2] Failure to Accommodate)

77.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

78.    Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

79.    Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendant.

10

80.     Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions to Defendant's management and requested and/or utilized accommodations shortly before Defendant terminated her employment.

81.     Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendant.

82.     Plaintiff avers that Defendant terminated her to avoid having to accommodate her further and that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

83.     Defendant's actions as aforesaid constitute violations of the ADA.

**COUNT VI**
**Violations of the PHRA and PFPO**
**([1] Retaliation; and [2] Failure to Accommodate)**

84.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

85.     Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

86.     Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendant.

87.     Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions to Defendant's management and requested and/or utilized accommodations shortly before Defendant terminated her employment.

88.    Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendant.

89.    Plaintiff avers that Defendant terminated her to avoid having to accommodate her further and that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the PHRA and PFPO.

90.    Defendant's actions as aforesaid constitute violations of the PHRA and PFPO.

**COUNT VII**
**<u>Violations of the Family and Medical Leave Act ("FMLA")</u>**
**(Interference and Retaliation)**

91.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

92.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

93.    Plaintiff had been employed by Defendant for at least twelve months and provided Defendant with appropriate notice of her need for protected leave.

94.    Plaintiff had at least 1,250 hours of service with the Defendant during her employment.

95.    Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C § 2611(4)(A)(i).

96.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

97.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff to prevent her from using FMLA leave; (2) subjecting her to hostility after requesting or utilizing leave; (3) terminating Plaintiff in retaliation for using FMLA qualifying leave; and (4) taking actions toward her that would dissuade a reasonable person from exercising her rights under the FMLA.

98.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: July 6, 2026

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Terri Riddick | : | CIVIL ACTION |
| v. | : | |
| UHS of Fairmount, Inc. d/b/a Fairmount Behavioral Health System | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
       and Human Services denying plaintiff Social Security Benefits.          ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
       exposure to asbestos.          ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
       commonly referred to as complex and that need special or intense management by
       the court.  (See reverse side of this form for a detailed explanation of special
       management cases.)          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| | | |
|---|---|---|
| 7/6/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction:  Defendants place of business

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RIDDICK, TERRI

**DEFENDANTS**
UHS OF FAIRMOUNT, INC. D/B/A FAIRMOUNT BEHAVIORAL HEALTH SYSTEM

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product        Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &        Pharmaceutical | | | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander        Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'        Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans | ☐ 340 Marine        Injury Product | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product        Liability | | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | ☐ 485 Telephone Consumer |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal        Property Damage | Relations | ☐ 862 Black Lung (923) | Exchange |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -        Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/        Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| | mployment    **Other:** | **IMMIGRATION** | | State Statutes |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other    ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee -        Conditions of        Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☒ 1 | Original Proceeding | ☐ 2 | Removed from State Court | ☐ 3 | Remanded from Appellate Court | ☐ 4 | Reinstated or Reopened | ☐ 5 | Transferred from Another District *(specify)* | ☐ 6 | Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, FMLA, ADEA, Title VII, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    7/6/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____